Chief Justice Robertson
delivered the Opinion of the Court.
Under two writs of fieri facias in favor of Rossell, and against Adams, the interest of the latter in a house and lot which he had bought, but for which he had obtained no conveyance, was sold by the sheriff, and bought by Keiser. Adams having died, his heirs made a motion to the circuit court, to quash the sale, because the interest held by their ancestor, was not legal, but equitable merely, and because, at the time of the sale, the house and .lot were held adversely to him. But the court dismissed the motion, without prejudicé, and’this writ of error is brought to reverse that judgment.
The facts necessary for maintaining each of the foregoing grounds for a quashal of the sale, are satisfactorily established'; and either of the grounds may be sufficient to authorize the quashal. The sale was made before the year 1827, and at a time when, according to the case of McConnell vs. Brown, 5 Mon. 478, the adversary possession of the house and lot rendered it illegal. And, as tlse process of the court had been abused or perverted by the sale under it, of that which it did not authorize the sheriff to sell, and as Adams (a party to the process,) might thereby have been subjected to danger, delay and circuity of remedy, it might have been the duty of the circuit court to quash the sale, had Adams, .in his life time, made a motion for purpose.
But his heirs alone cannot maintain such a motion. His personal representative may be interested in keeping off the burthen which might be devolved on the *141 personal estate by a quashal of the sale, anti was, therefore, a necessary party.
Wherefore, the dismission, without prejudice, was' proper, in consequence of a defect of parties, and is, therefore, affirmed.